UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| KEVIN O. JOHNSON and ) | |
| TINA L. JOHNSON, ) | |
| ) | CASE NO. 11-85569 |
| Debtors. ) | |
| STEPHEN G. BALSLEY as Trustee of ) | |
| the KEVIN O. JOHNSON and ) | |
| TINA L. JOHNSON Bankruptcy, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 12- |
| vs. ) | |
| ) | |
| KEVIN O. JOHNSON and ) | |
| TINA L. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT OBJECTING TO THE DEBTORS' DISCHARGE UNDER 11 U.S.C §727

NOW COMES the Plaintiff, STEPHEN G. BALSLEY, Trustee, by and through his attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP and for his Complaint Objecting to the Debtors-Defendants', KEVIN O. JOHNSON and TINA L. JOHNSON, Discharge under 11 U.S.C. §727, states as follows:

### FACTUAL & BACKGROUND INFORMATION COMMON TO ALL COUNTS

1. The Defendants-Debtors, KEVIN O. JOHNSON and TINA L. JOHNSON, filed for relief under Chapter 7 of the United States Bankruptcy Code on December 31, 2011.

2. The Plaintiff, STEPHEN G. BALSLEY, is the duly qualified and acting Trustee in said Chapter 7 bankruptcy proceeding.

3. The Section 341 Meeting of Creditors was held on February 2, 2012.

4. The Debtors have disclosed on Schedule B of their bankruptcy petition, various Law Office Account Receivables in the sum of $1,790,000.00.

5. Upon filing the bankruptcy petition, these accounts receivables became property of the Debtors' Chapter 7 Bankruptcy Estate.

6. The Debtor, KEVIN O. JOHNSON, operates a law practice in DeKalb, Illinois as a sole practitioner, and the Debtor, TINA L. JOHNSON, works at the law office of K.O. Johnson as an office manager.

7. The Defendant, KEVIN O. JOHNSON, has been transferring and using the pre-petition accounts receivables after December 31, 2011.

8. The Debtor, TINA L. JOHNSON, upon information and belief has participated in the transfer and unauthorized use of the bankruptcy assets, consisting of the aforesaid accounts receivables.

9. The Trustee has requested the Debtors to provide a list of all accounts receivables and an accounting of all funds received by the Debtors arising from pre-petition accounts receivables.

## COUNT I
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727(a)(2)(B)

10. The Plaintiff restates and realleges all of the allegations in Paragraphs 1 through 9 of the Complaint as Paragraphs 1 through 9 of this Count I as if fully set forth herein.

11. Pursuant to the Bankruptcy Code Section 727(a)(2)(B), the Court shall deny a discharge if the "Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the estate, after the date of the filing of the petition."

12. The Debtors have removed and transferred property of the estate by using and spending pre-petition accounts receivables.

13. The Debtors did these actions with intent to hinder and delay the Plaintiff, an officer of the estate, by intentionally using and spending pre-petition accounts receivables with knowledge that the Plaintiff was attempting to recover this asset.

14. The Debtor, KEVIN O. JOHNSON, is an attorney that regularly practices in Bankruptcy Court and is fully aware of the obligation of a Debtor to not use, transfer, or destroy any asset of the Bankruptcy Estate.

15. The Debtor, TINA L. JOHNSON, is employed by KEVIN O. JOHNSON at his law firm and has participated or contributed to the transfer and removal of the pre-petition accounts receivables.

16. The transfers and removal of the accounts receivables occurred after the filing of the bankruptcy petition.

17. The Debtors should be denied a discharge for their actions in using and spending assets of the Bankruptcy Estate, namely pre-petition accounts receivables.

WHEREFORE, the Plaintiff, STEPHEN G. BALSLEY, Trustee, prays that this Court enter an order Denying the Debtors' Discharge pursuant to Section 727(a)(2)(B) of the Bankruptcy Code and for further and other relief as this Court deems just and reasonable.

## COUNT II
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727(a)(5)

18. The Plaintiff restates and realleges all of the allegations in paragraphs 1 through 17 of the Complaint as Paragraphs 1 through 17 of this Count II as if fully set forth herein.

19. Pursuant to the Bankruptcy Code Section 727(a)(5), the Court shall deny the Debtors a discharge if "the debtor has failed to explain satisfactorily, before

determination of denial of a discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

20. The Debtors have diminished and depleted assets of the Bankruptcy Estate by spending, using, and transferring pre-petition accounts receivables.

21. The pre-petition accounts receivables are an asset of this Bankruptcy Estate.

22. The Debtors' actions have resulted in a deficiency of an asset of this estate.

23. The Debtors should be denied a discharge for their direct actions in depleting an asset of the Bankruptcy Estate.

WHEREFORE, the Plaintiff, STEPHEN G. BALSLEY, Trustee, prays that this Court enter an order Denying the Debtors' discharge pursuant to Section 727(a)(5) of the Bankruptcy Code and for further and other relief as this Court deems just and reasonable.

## COUNT III
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. §727(a)(4)(D)

24. The Plaintiff restates and realleges all of the allegations in Paragraphs 1 through 23 of the Complaint as Paragraphs 1 through 23 of this Count III as if fully set forth herein.

25. Pursuant to Bankruptcy Code Section 727(a)(4)(D), the Court shall deny the Debtors a discharge if "the debtor knowingly and fraudulently, in or in connection with the case withheld from an office of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers, relating to the debtor's property or financial affairs."

26. The Trustee is a duly qualified and appointed officer of the Debtor's estate and is entitled to possession of documents and records relating to the Debtor's financial affairs.

27. The Trustee requested that the Defendants provide information to the Trustee regarding the accounts receivables and an accounting of funds received from the accounts receivables.

28. To date, the Defendants have not turned over these records and the Defendants have willfully and knowingly withheld these records from the Trustee.

29. The records withheld from the Trustee are relevant to this bankruptcy estate as they relate to an asset of the estate.

30. The Defendants should be denied a discharge for their actions in withholding records and documents from the Trustee.

WHEREFORE, the Plaintiff, STEPHEN G. BALSLEY, Trustee, prays that this Court enter an order Denying the Debtors' discharge pursuant to Section 727(a)(4)(D) of the Bankruptcy Code and for further and other relief as this Court deems just and reasonable.

STEPHEN G. BALSLEY, Plaintiff, Trustee

By: _____
     STEPHEN G. BALSLEY

Stephen G. Balsley
**BARRICK, SWITZER, LONG,
  BALSLEY & VAN EVERA**
6833 Stalter Drive
Rockford, IL  61108
Telephone:  815/962-6611

5